Milano BARONE, Plaintiff,

v.

Wilbur H. COHEN, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. A. No. 804–67.

United States District Court
D. New Jersey.

Jan. 3, 1969.

Alfonso C. Viscione, Orange, N. J., for plaintiff.

David M. Satz, Jr., U. S. Atty., by Don Allen Resnikoff, Asst. U. S. Atty., for defendant.

## OPINION

COOLAHAN, District Judge:

This is an action in which the plaintiff seeks reinstatement of his entitlement to disability benefits. Jurisdiction is founded on 42 U.S.C. § 405(g), review of a final decision by the Secretary of Health, Education and Welfare. The case is presently before the court on defendant's motion for summary judgment.

Under the statute involved here, 42 U.S.C. § 423(a) (1) (D), Barone is entitled to disability benefits from the time

he comes under a "disability," which is defined in 42 U.S.C. § 423(c) (2) as the "inability to engage in any substantial gainful activity," until the third month following the month in which the disability ceases. One of the regulations promulgated by the Secretary of Health, Education and Welfare, however, provides for a nine-month trial period, during which a claimant may work and still receive benefits. Under that regulation, 20 C.F.R. § 404.1536, the nine-month trial period need not be consecutive. The regulations, in effect at that time, also provided that "an individual's earnings * * * averaging in excess of $100 per month shall be deemed to demonstrate his ability to engage in substantial gainful activity in the absence of evidence to the contrary." The legality of these statutes and regulations are not questioned by the claimant here.

Barone has suffered, and continues to suffer, from pulmonary fibrosis, emphysema, and arteriosclerotic heart disease since July 24, 1961. After the onset of his disability, plaintiff did not work until February, 1963, when he began working for various construction companies. During 1963, Barone worked for nine months and earned a total of $3,911.20. These nine months constituted the trial period provided for under the regulations. During 1964, he earned $4,289.-71; his 1965 earnings were $2,181.88. Since August, 1965, he has been steadily employed as a janitor at a salary of $50 per week. Disability benefits were paid to Barone from the beginning of his disability. On April 12, 1966, the final administrative decision to discontinue benefits, as of April, 1964, was communicated to Barone, who appealed that decision to a hearing examiner. The examiner found that the work done by Barone was not "representative of substantial gainful activity," and held that Barone was entitled to disability benefits continuously from February, 1961 up to the date of his decision.

That decision by the examiner was reversed by the Appeals Council on June 7, 1967. The Council found that Barone's physical condition had remained static from 1961 to 1966, that Barone's work activity subsequent to the onset of his disability constituted substantial gainful activity and that the evidence fails to establish that the work which Barone performed was "made work." The Council then concluded that his work activity indicates that he retains the physical capacity to work and that his entitlement to a period of disability ended with March, 1964. Finally, it found that Barone was "not without fault" in causing an overpayment of his benefits, between April, 1964 and May, 1965, and that recovery of the overpayment would not "defeat the purpose" of the Act or be "against equity and good conscience."

The decision of the Appeals Council, the Secretary's agent in these matters, must be upheld by this court if there is "substantial evidence" in the record to support it. 42 U.S.C. § 405(g).

Barone's sole contention seems to be that the work engaged in by Barone constituted "made work," work which did not reflect the worth of the claimant's duties and work performance, and so cannot constitute "substantial gainful activity."

The administrative record filed in this case, however, indicates that the work he did was normally associated with construction activity and that he ceased working with particular companies only when the construction projects for which he was hired were completed. Barone himself conceded that if he did not perform the duties for which he was hired, someone else would have had to be hired to perform them. It is clear, therefore, that there was economic value to the employers in his services and his work was not "made work." Since there is substantial evidence in the record, the decision of the Appeals Council on this point must be upheld.

The sole remaining issue is whether or not the assessment of an overpayment of $2,156 should be sustained. Plaintiff's counsel did not address himself to that issue since he waived oral argument and filed, in lieu of a brief, a copy of

the hearing examiner's opinion which did not reach the question of overpayment because he found in Barone's favor on the disability benefits question. Nevertheless, it is this court's duty to ascertain if there is substantial evidence in the record to sustain the Appeals Council's decision.

 An overpayment should not be collected from Barone if he was without fault and 1) the repayment would deprive him of ordinary and necessary living expenses or 2) would be inequitable because he has changed his position for the worse. The Appeals Council found that Barone has not been "without fault" since "the evidence discloses reluctance and evasiveness on the part of the claimant in discussing some of his employment subsequent to July, 1961." The record discloses that, although he said in his original application that he would notify the Social Security Administration promptly if he went back to work, he failed to do so when he first went back to work in 1963 or at any subsequent time that he became employed by another company. Only when he was asked explicitly about employment did he give any information regarding it to the Social Security Administration. Finally, when a notice was sent out on August 13, 1964 that his payments were to be cut off, Barone responded that he "cannot hold a steady job. I only work a few months at each place. My son gets me my job. He has a lot of influence in the construction field." It also appears that he said that his son "paid off people" to get him jobs. Barone asked that his employers not be contacted by the investigators because they did not know of his condition. The evidence in the record, however, from those employers who were contacted indicates clearly that claimant did not work all months in 1963 and 1964 only by reason of the sporadic nature of employment in the construction industry, and not as a result of his disability, as he implied. There is no substantiation in the record for his allegation that his son "paid off" the foremen to get him various jobs. Nor does it appear that claimant was able to give the name of any of his foremen who were allegedly paid off. Furthermore, in at least one case, his employer remarked that it appeared he got his job through his own efforts. And, as the Appeals Council found, claimant was evasive in many interviews with the investigators of the Social Security Administration.

 The findings of the Appeals Council that Barone had not changed his position for the worse as a result of the overpayment and that the repayment would not deprive him of ordinary and necessary living expenses are supported by substantial evidence in the record, and are uncontroverted.

The decision of the Appeals Council must accordingly be affirmed, and defendant's motion for summary judgment should be granted.

Let an appropriate order be submitted.